PALMER, RICHMAN & COMPANY V. CHARLES B. RICE.

FILED MAY 2, 1893. No. 4783.

1. **Letters of Credit:** COMPLIANCE WITH CONDITIONS: A CONTRACT TO ACCEPT DRAFTS, thereafter to be drawn upon certain conditions, can be made the basis of a recovery by the payee of such drafts, only upon showing full and exact compliance with each of said conditions.

2. ———: CONTRACT TO PAY DRAFTS: LIABILITY. A party who contracts in writing to accept and pay such drafts as shall be drawn by a party named, in favor of another party also named, upon compliance with certain conditions, is absolutely liable upon drafts drawn as contemplated, irrespective of the condition of the general account between the drawer and drawee at the time such drafts are made.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Chas. Offutt,* for plaintiff in error, cited: *Von Phul v. Sloan,* 2 Robinson [La.], 148, 38 Am. Dec., 207; *Coolidge v. Payson,* 2 Wheat. [U. S.], 75; Story, Bills of Ex. [4th ed.], sec. 249; *Schimmelpennich v. Bayard,* 1 Pet. [U. S.], 284; *Boyce v. Edwards,* 4 Id., 118; *Franklin Bank v. Lynch,* 52 Md., 270; *Murdock v. Mills,* 11 Met. [Mass.], 14; *Potts v. Whitehead,* 23 N. J. Eq., 514; Anson, Contracts [2d Am. ed.], p. 22, 19*; *Jordon v. Norton,* 4 M. & W. [Eng. Exc. Rep.], 155; *Hutchison v. Bowker,* 5 Id., 535; Tiedeman, Commercial Paper [ed. 1889], sec. 228; *First National Bank v. Bensley,* 2 Fed. Rep., 609; *Hatfield v. Phillips,* 9 M. & W. [Eng. Exc. Rep.], 648; *Ulster County Bank v. McFarlan,* 5 Hill [N. Y.], 432; *Nixon v. Palmer,* 4 Seld. [N. Y.], 398; *Fenn v. Harrison,* 3 T. R. [Eng.], 757; *Attwood v. Munnings,* 7 Barn. & Cres. [Eng.], 278.

*Gregory, Day & Day* and *Charles B. Rice, contra.*

Ryan, C.

On the date therein named the plaintiffs in error executed the following instrument in writing:

"South Omaha, Neb., April 19, 1888.

"*Chas. B. Rice, Endicott, Neb.:* Until further notice we will pay H. C. Dawson's drafts for cost of stock consigned to us, bill of lading attached when presented.

"Yours truly,        Palmer, Richman & Co.
"Blanchard."

The evidence shows that anterior to the above date Palmer, Richman & Co. had given a more unlimited letter of credit to the Endicott Bank in favor of H. C. Dawson, which was superseded by that above set out, upon the suggestion of Mr. Blanchard, a member of said firm, upon its date; that after April 19, 1888, H. C. Dawson bought and shipped cattle and hogs to Palmer, Richman & Co., a live stock commission firm doing business at South Omaha,

Nebraska; that the Endicott Bank, which was but another name for Charles B. Rice, advanced the money to pay checks issued by H. C. Dawson for stock purchased by him; that the commission upon handling said stock at South Omaha was divided between said firm and H. C. Dawson; that upon the purchases being completed it was usual for H. C. Dawson to draw upon Palmer, Richman & Co. for the amounts expended to make such purchases for each shipment, in favor of the Endicott Bank, by which such drafts were forwarded accompanied by a bill of lading, upon which the same were paid by Palmer, Richman & Co.; that upon one occasion the bill of lading was omitted, whereupon Palmer, Richman & Co. expostulated with said bank in respect to said omission. These shipments were continued until August 13, 1888, when there was drawn a draft as follows:

"$1,400.            "THE ENDICOTT BANK,

"ENDICOTT, NEB., Aug. 13, 1888.

"Pay to the order of the Endicott Bank fourteen hundred and $\frac{no}{100}$ dollars.            H. C. DAWSON.

"To Palmer, Richman & Co., South Omaha, Neb."

The advances covered by the above draft, it is claimed by defendant in error, were made previous to and ending with August 10, 1888. It is certain that the car of cattle and car of hogs shipped on August 10, 1888, were received by the plaintiffs in error at 6 o'clock in the forenoon of the next day, and were sold the same day for $1,604.45 net. The proceeds of this sale the plaintiffs in error applied toward the payment of a draft for $1,700 drawn upon them by H. C. Dawson, of date August 6, 1888, and accepted August 8. This draft is marked paid August 11, 1888. To this draft no bill of lading was attached. When this application of the net proceeds of the sale of the cattle and hogs had been made it left Dawson overdrawn with plaintiffs in error $656, according to the evidence of Mr. Blanchard.

About the 13th day of August, 1888, the defendant in error procured from the agent of the railroad company over whose line the above two cars of stock had been shipped, a bill of lading for the same, which, with the aforesaid draft for $1,400, was forwarded to South Omaha.   On the 15th day of August, 1888, the said draft, accompanied by said bill of lading, was presented to the plaintiffs in error for payment, and payment was refused; whereupon suit was brought upon the letter of credit aforesaid for the amount of said draft and protest fees.   On the 22d day of May, 1890, a verdict was found by the jury in favor of the defendant in error for the sum of $1,573.49, upon which judgment was duly rendered.

Plaintiffs in error contend that as this suit was in effect upon an agreement to accept drafts to be drawn on certain conditions, it must be shown, as a condition precedent to the right of recovery, that said condition has been fully and exactly complied with by the party claiming its benefits. Without doubt this position is correct.   To entitle plaintiff to recover upon an agreement to accept future drafts for stock purchased with bill of lading attached it was incumbent upon the plaintiff to show affirmatively that the draft was for stock purchased, and such draft must have been accompanied by a bill of lading.   The contract of the parties required the concurrence of these conditions—nothing could dispense with either of them—and the jury was so informed in the instructions of the court.   There was evidence sufficient to sustain the verdict of the jury as to these conditions precedent; their finding, therefore, settled this fact in favor of the defendant in error.

Plaintiffs in error, however, strenuously insist that having paid the draft of $1,700 drawn by H. C. Dawson on August 6, they should be protected as against the draft of date August 13, even though the latter draft alone was accompanied by a bill of lading.   It is also contended that plaintiffs in error should have been permitted to show what

was the state of the account between Palmer, Richman &
Co. and Dawson just prior to the receipt of the two car
loads of stock on the morning of August 11, as to which
party was owing the other.

These contentions lose sight of the fact that the rights
and liabilities of all the parties to the letter of credit are
to be measured strictly by its terms.    As counsel for
plaintiffs in error has justly insisted, the plaintiff in the
district court was entitled to recover only upon a strict
compliance with the terms of the instrument upon which
suit was brought.   It devolved upon him to show affirma-
tively that the draft was for the cost of the stock shipped
to Palmer, Richman & Co., and that a bill of lading ac-
companied the same.   On the other hand, there was by
the same agreement, devolved upon plaintiffs in error, the
correlative duty of providing for payment of such drafts
as should be drawn upon them within the strict terms of
the letter of credit.   The acceptance of all such drafts in
advance was burdened with only two conditions: one that
the draft should be for the cost of the stock shipped to
Palmer, Richman & Co., the other was that a bill of
lading should accompany this draft.   Upon the one hand,
plaintiffs in error could not be held to payment without
strict compliance with each condition; on the other hand,
upon compliance with said conditions by the defendant in
error, the liability of the plaintiffs in error for the amount
of the draft became absolute.   If they paid a draft with-
out requiring the bill of lading, they did not release them-
selves from payment of one accompanied by such bill, if
it was for the cost of the stock shipped to them.   Any
other rule would engraft upon the letter of credit another
condition.   In the case at bar the engrafted condition
which must of necessity be implied from the proof offered
to be made as to the condition of the accounts on August
11, just before these two cars were received, was, that
Dawson would not, on a general balance of account, be

found owing plaintiffs in error.   The same condition must be implied if the draft for $1,700, drawn by H. C. Dawson on the 6th day of August, 1888, should have been taken into account by the jury to postpone the rights of defendant in error upon the draft of $1,400 for the cost of stock, accompanied as it was by a bill of lading.   The district court properly held that the terms of the letter of credit should alone determine the rights of the parties thereto, as between themselves, regardless of whatever advances plaintiffs in error may have made to Dawson independently of compliance with such conditions precedent as they themselves had prescribed.   These considerations meet the contentions of the plaintiffs in error, without cumbering the record with details which would merely serve to show how the questions arose rather than what they were.   It follows that the judgment of the district court must be and is

AFFIRMED.

THE other commissioners concur.